UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Cause No. | 1:95-cr-0023-01 (M/F) |
| | ) | | 1:09-cr-0016-01 (M/F) |
| WILLIE ALLEN QUINN, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Larry J. McKinney, Judge, on August 11, 2010, designating this Magistrate Judge to conduct  hearings on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on June 4, 2010, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and  3583(e).  All proceedings were held August 11, 2010, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.*  Mr. Quinn appeared in person and with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender.  The government appeared by Doris Pryor, Assistant United States Attorney.  Ross Carothers, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with  Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Mike Donahoe, Office of the Indiana Federal Defender, was appointed to represent Mr. Quinn in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Quinn and his counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Quinn was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Quinn was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Quinn was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Quinn was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Quinn had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered on August 11, 2010.

7. Mr. Donahoe stated that Mr. Quinn desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Mr. Quinn then waived the preliminary hearing in writing and was held to answer.

8. Mr. Donahoe stated that Mr. Quinn would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

9. The parties stated in open Court:

(1)  That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Quinn's supervised release in open Court that date.

(2)  That both the government and Mr. Quinn agreed that defendant  committed the specifications of violations set forth in the Petition to Revoke defendant's supervised release, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | A urine sample collected April 19, 2010, was positive for marijuana. The offender absconded and has not been available for additional testing. |
| **2** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | The offender failed to submit a monthly supervision report for May 2010 within the first five days of June 2010. |
| **3** | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | **"The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer."** |
| | On April 19, 2010, the offender reported living at 1727 N. Central Avenue, Indianapolis, Indiana.  The probation officer conducted a |

home visit on April 23, 2010, and resident Tammy Cork advised the offender moved out two days earlier. She was unable to provide his new address.

4   **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."**

On April 19, 2010, the probation officer instructed the offender to contact the Volunteers of America by April 23, 2010, to schedule drug treatment. The offender failed to contact the Volunteers of America as directed.

The Court placed Mr. Quinn under oath and directly inquired of Mr. Quinn whether he admitted violations of the specifications of his supervised release set forth above. Mr. Quinn stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Quinn has a relevant criminal history category of IV. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Quinn constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Quinn is 6-12 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Quinn's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day. Further, upon release from confinement, Mr. Quinn will not be subject to supervised release.

- 4 -

5)  Mr. Quinn  is to begin service of his sentence immediately.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulation.

Ms. Quinn's  supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months and one day.  The service of the sentence shall begin immediately.  At the conclusion of Mr. Quinn's term of confinement, he shall not be subject to supervised release.  The Court recommends that the defendant serve his sentence at the Farm Camp at the Terre Haute Penitentiary in Terre Haute, Indiana.

The Magistrate Judge requests that Ross Carothers, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney,  District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Quinn stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Quinn entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3583 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate

Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Quinn's supervised release and the sentence imposed of imprisonment of 12 months and one day in the custody of the Attorney General or his designee. Further, that upon Mr. Quinn's release from confinement, he will not be subject to supervised release.  It is recommended that the defendant serve his sentence at the Farm Camp at the Terre Haute Penitentiary in Terre Haute, Indiana.

IT IS SO RECOMMENDED this 18th day of August, 2010.


_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:

Doris Pryor,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal